

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 13, 1949

Hon. Gene Maddin
District Attorney
Waco, Texas

Opinion No. V-934.

Re: Several questions re-
garding the construc-
tion of H.B.158, Acts
of the 51st Legislature.

Dear Sir:

You have requested our opinion on the follow-
ing questions:

"1. If a person subdivides a tract
within the corporate limits or within 5
miles of the corporate limits of any city
in the State of Texas for the purpose of
laying out any subdivision of any tract,
etc., and causes a plat to be made there-
of, is it necessary by House Bill 158 or
any prior law that he record the same with
the county clerk?

"2. Does House Bill 158 refer to all
incorporated cities in the state, or only
to cities over 25,000 population as by pre-
vious plat law?

"3. What is meant by the term 'and
locate the same with respect to any ori-
ginal corner of the original survey of
which it is a part?'

"4. What degree of accuracy shall the
subdivision be located with respect to an
original corner of the original survey of
which it is a part?

"5. What can be done if an owner at-
tempts to subdivide his tract by describing
each lot by metes and bounds and recording
the field notes, and fails to make plat as
required?

"6. Would it be the duty of the coun-
ty clerk to determine if the field notes

were legally produced before allowing
same to be filed?"

House Bill 158, Acts of the 51st Legislature,
provides:

"   . . .

" Section 1.  That hereafter every
owner of any tract of land situated within
the corporate limits, or within five miles
of the corporate limits of any city in the
State of Texas, who may hereafter divide
the same in two or more parts for the pur-
pose of laying out any subdivision of any
tract of land  . . . shall cause a plat to
be made thereof which shall accurately de-
scribe all of said subdivision or addition
by metes and bounds and locate the same
with respect to an original corner of the
original survey of which it is a part, giv-
ing the dimensions thereof of said subdivi-
sion or addition, and dimensions of  all
streets, alleys, squares, parks or other
portions of same intended to be dedicated
to public use, or for the use of purchasers
or owners of lots fronting thereon or ad-
jacent thereto; provided, however, that no
plat of any subdivision of any tract of
land or any addition to any town or city
shall be recorded unless the same shall ac-
curately describe all of said subdivision
or addition by metes and bounds and locate
the same with respect to an original corner
of the original survey of which it is a
part giving the dimensions thereof of said
subdivision or addition, and dimensions of
all streets, alleys, squares, parks or
other portions of same intended to be de-
dicated to public use, or for the use of
purchasers or owners of lots fronting
thereon or adjacent thereto."

In construing the provisions of House Bill 158,
it was held in Attorney General's Opinion No.V-919, a
copy of which is enclosed, that the portion of House Bill
158 requiring subdivisions or additions to be located
with respect to an original corner of the original survey
of which it is a part is in violation of Section 35 of

Article III of the Constitution of Texas. It was further held that if the County Clerk has presented to him for recordation a subdivision plat within the scope of Article 974a, as amended by House Bill 158, which plat has been approved by the proper authorities, but which does not locate such subdivision with respect to an original corner of the original survey, he should not refuse to receive and file such plat because of its failure to have a location with reference to an original corner.

Section 2 of Article 974a, which was not amended by House Bill 158, provides:

"That every such plat shall be duly acknowledged by owners or proprietors of the land, or by some duly authorized agent of said owners or proprietors, in the manner required for the acknowledgment of deeds; and the said plat, subject to the provisions contained in this Act, shall be filed for record and be recorded in the office of the County Clerk of the County in which the land lies."

When a particular article or section is amended by re-enactment, the provision as amended becomes a part of the original statute and takes the place of the provision amended. International and G.N.Ry. Co. v. Bland, 181 S.W. 504 (Tex.Civ.App.1915); 39 Tex.Jur.128, Statutes, Sec.64.

In view of the plain provisions of Article 974a, V.C.S., as amended by House Bill 158 of the 51st Legislature, it is our opinion that if a person subdivides a tract within the corporate limits or within five miles of the corporate limits of any city within the State of Texas for the purpose enumerated in the statute, he is required by the provisions of Article 974a as amended by House Bill 158 to record a plat with the County Clerk provided, of course, that such map or plat has been approved by the proper authorities. We express no opinion as to the constitutionality of the extra-territorial provisions of House Bill 158. Travalter v. Schaefer, 142 Tex. 521, 179 S.W.2d 765 (1944).

In answer to your second question it is our opinion that Article 974a was amended by House Bill 158 so as to make the provisions thereof applicable to all incorporated cities in this State.

In view of our holding in Attorney General's Opinion No.V-919, it becomes unnecessary to answer your third and fourth questions relative to the requirement that subdivisions be located with respect to an original corner of the original survey of which it is a part.

In answer to your fifth and sixth questions it is our opinion that the owner is not authorized to subdivide his tract unless he complies with the provisions of Article 974a as amended; and, if the owner fails to make a map or plat as required, the County Clerk should refuse to record the field notes submitted to his office.

## SUMMARY

Article 974a, V.C.S., as amended by House Bill 158, Acts of the 51st Legislature, requires every owner of any tract of land within the corporate limits or within five miles of the corporate limits of any city who divides his tract into subdivisions to make a map or plat thereof and record the same with the County Clerk. If an owner attempts to subdivide his tract and fails to make a plat as required, the County Clerk is not authorized to record the field notes submitted to his office.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *John Reeve*
    John Reeves
    Assistant

JR:bh:mw
Enclosure

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL